FILED
AUG 1 3 2009
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONA R. SAUNDERS<br>1106 Kennebec Street Apt.# 202<br>Oxon Hill, MD 20745<br><br>Plaintiff,<br><br>v.<br><br>CROWELL & MORING, LLP.<br>1001 Pennsylvania Ave.<br>11th Floor<br>Washington, DC, 20004<br><br>Defendant. | Case: 1:09-cv-01532<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 8/13/2009<br>Description: Employ. Discrim. |

*JURY ACTION*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Crowell & Moring, LLP, by its undersigned counsel and pursuant to 28 U.S.C. §§ 1441, et seq., hereby removes this action from the Superior Court of the District of Columbia to this Court. In support of this Notice, Defendant states as follows:

1.   A civil action was commenced by Plaintiff on July 10, 2009, and is now pending in the Superior Court of the District of Columbia, captioned as *Mona R. Saunders v. Crowell & Moring LLP,* Civil Action Number 0004970-09 (the "State Court Action"). The Complaint in the State Court Action alleges violations of the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 et seq., which Defendant denies, and requests monetary and other relief, including attorney's fees and costs. Plaintiff demanded trial by jury in the State Court Action for all issues so triable.

2.   Plaintiff is a citizen of the State of Maryland.

LDR/190452.1

3. Defendant is a District of Columbia limited liability partnership, with its principal place of business in the District of Columbia. For the purposes of federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332, Defendant is considered a citizen of the District of Columbia.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. This civil action is between citizens of different states, with complete diversity. The allegations upon which Plaintiff bases this action involve matters in controversy that exceed the sum or value of $75,000, exclusive of interest and costs. This action may thus be removed to this Court pursuant to 28 U.S.C. § 1441(a).

5. Defendant was served on August 7, 2009.

6. This Notice of Removal is being filed within thirty (30) days of the date on which Defendant received a copy of the Summons and Complaint, the initial pleading setting forth the claims against Defendant and from which Defendant first became aware of the claims in this action. Annexed to this Notice, in accordance with 28 U.S.C. § 1446, are copies of all process, pleadings, and orders served upon Defendant.

7. Defendant will file a copy of this Notice with the Clerk of the Superior Court of the District of Columbia, in accordance with 28 U.S.C. § 1446(d).

8. Defendant expressly reserves all rights and defenses relating to Plaintiff's claims.

WHEREFORE, Defendant respectfully requests that the State Court Action be removed to this Court for all purposes, and that Defendant be granted such further relief as the Court deems warranted.

> Respectfully submitted,
>
> ARENT FOX LLP
>
> /s/ Michael L. Stevens
> Michael L. Stevens (D.C. Bar No. 384887)
> Akia F. Roane (D.C. Bar No. 973833)
> ARENT FOX LLP
> 1050 Connecticut Avenue, N.W.
> Washington, DC  20036-5339
> (202) 857-6000
>
> Attorneys for Defendant

Dated: August 13, 2009

## CERTIFICATE OF SERVICE

I hereby certify that I have this 13th day of August, 2009, caused a true and correct copy of the foregoing Notice of Removal to be served by first-class mail, postage prepaid, upon:

Ardra O' Neal, Esquire
The O'Neal Firm, LLP
700 12th Street, NW
Suite 700
Washington, DC 20005

_____
Akia F. Roane

LDR/190452.1

IN THE DISTRICT OF COLUMBIA SUPERIOR COURT
CIVIL DIVISION

RECEIVED
Civil Clerk's Office
JUL 1

| | | |
|---|---|---|
| Mona R. Saunders | * | |
| 1106 Kennebec Street Apt.# 202 | | |
| Oxon Hill, MD 20745 | * | |
| | | |
| Plaintiff | * | CASE NO.: |
| | | |
| v. | * | |
| | | |
| Crowell & Moring, LLP. | * | |
| 1001 Pennsylvania Ave. | | |
| 11th Floor | * | |
| Washington, DC, 20004 | | |
| | * | |
| Defendant | | |

* * * * * * * * * * *

## CIVIL COMPLAINT FOR EQUITABLE AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL

1. This action arises out of the unlawful termination of Mona R. Saunders based upon her age by Crowell & Moring, LLP supervisor Alanna White. Plaintiff Saunders asserts claims of discrimination and retaliation for complaining of age discrimination, in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01- 1403.17.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Plaintiff has exhausted her administrative remedies. Plaintiff filed a complaint of retaliation for complaining of age discrimination with the United States Equal Employment Opportunity Commission (EEOC) on September 11, 2008. Plaintiff received a Notice of Right to Sue from the EEOC closing the complaint on April 24, 2009. Plaintiff filed suit within 90 days of her receipt of the Notice of Right to Sue.

### JURISDICTION AND VENUE

09 1532

3. This Court has jurisdiction over this action pursuant to D.C. Code § 2-1401.01- 1403.17. All jurisdictional predicates have been met.

4. Venue is proper in this Court pursuant to D.C. Code § 2-1401.01- 1403.17.

FILED
AUG 13 2009
Clerk, U.S. District and
Bankruptcy Courts

## PARTIES

5. Plaintiff Mona R. Saunders is a 54 year old African-American female who is a resident of the state of Maryland and former employee of Crowell & Moring, LLP. From March of 1990 until July of 2008 Plaintiff Saunders was employed by Defendant. Plaintiff had over 18 years of experience, holding 3 different positions and receiving an award while employed by the Defendant.

6. Defendant, Crowell & Moring, LLP. is an international law firm, with a principle place of business in Washington, DC. Defendant owns and operates a law firm in Washington, DC and regularly transacts and carries on business in Washington, DC.

## FACTUAL ALLEGATIONS

7. From the time Defendant hired Plaintiff Saunders in March of 1990 she had been promoted to three positions, developed good working relationships and never had performance issues. In fact, Defendant received an award for outstanding work from the attorneys employed by Crowell & Moring, LLP.

8. Plaintiff Saunders carried out her duties cooperatively and enthusiastically.

9. In October of 2005, Defendant Crowell & Moring re-assigned Plaintiff Saunders to a new position. Shortly thereafter, Defendant Crowell & Moring hired Alanna White, who then became Plaintiff's immediate supervisor.

10. Shortly after White's hire, she terminated another employee well over the age of 50 and hired two other employees well under the age of 40. White also constantly criticized Plaintiff Saunders work, suggesting she was unable to learn new tasks because of her age.

11. Because Plaintiff believed she was being harassed by White due to Plaintiff's age, she filed a Charge of Discrimination alleging a violation of the Age Discrimination In Employment Act of 1967 with the Equal Employment Opportunity Commission and the District of Columbia Office of Human Rights in March 2006.

12. In August 2006 Plaintiff Saunders' job title and responsibilities were changed without explanation. On July 30, 2008 Plaintiff Saunders was terminated by White. The only reason Plaintiff Saunders was given for the termination was that she was not a "good fit" for the company.

## RETALIATION IN VIOLATION OF THE
## DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

13. Plaintiff Saunders incorporates by reference the allegations contained in Paragraphs 1 though 12 of the Complaint as if fully alleged herein.

14. Defendant's actions in terminating Plaintiff Saunders, despite her 18 years of employment, shortly after she filed a Charge of Discrimination was motivated in pretext to conceal their discriminatory and retaliatory motives because of Plaintiff's previous claim of age discrimination.

15. As a direct and proximate result of Defendant's actions, Plaintiff Saunders has suffered loss of wages, loss of benefits, mental anguish, emotional distress, personal humiliation, indignity, embarrassment, inconvenience, stigma, pain and suffering, and damage to their personal and professional reputations, justifying an award including, but not limited to damages for emotional distress, compensatory, punitive and consequential damages against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Saunders respectfully prays that this Court order the following relief:

    a. Enter a declaratory judgment that Defendant unlawfully retaliated against Plaintiffs in violation of the DCHRA"), D.C. Code § 2-1401.01- 1403.17.
    b. Enter injunctive relief prohibiting Defendant from further retaliating against Plaintiff;
    c. Compensatory damages for loss of back wages and benefits, and for mental anguish and emotional distress, in the amount of $300,000.00;
    d. Equitable relief, including an award to compensatory damages, for lost future wages and benefits, and loss of earning capacity, in the amount of $300,000.00;
    e. Attorneys fees and costs incurred by Plaintiff in the bringing of this action;
    f. Award to Plaintiff such additional relief as justice may require

## JURY DEMAND

Plaintiff demands a jury for all issues proper to be so tired.

_____
Attorney for Plaintiff

Ardra O'Neal, Esq.
(DC Bar No: 464742)
The O'Neal Firm, LLP
700 12thStreet, NW
Suite 700
Washington, DC 20005
1-866-771-0151