# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONA R. SAUNDERS<br>1106 Kennebec Street<br>Apt. # 202<br>Oxon Hill, MD 20745,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004,<br><br>　　　　Defendant. | Civil Action No. 09-1532 (CKK) |

## DEFENDANT'S ANSWER

Defendant Crowell & Moring LLP, by and through counsel and pursuant to Fed. R. Civ. P. 8, hereby files its Answer to the Complaint in the above-captioned case.

Defendant responds to each of the numbered paragraphs in the Complaint as follows:

1.　　Paragraph 1 contains a description of the action to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 1.

2.　　The first sentence of paragraph 2 contains a legal conclusion to which no response is required. Defendant admits that Plaintiff filed a Charge with the EEOC in or around September 2008, that the EEOC issued a Notice of Right to Sue at Plaintiff's request without making a determination on the merits of the Charge in or around April 2009, and that Plaintiff filed suit in the District of Columbia Superior Court, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3.　　Paragraph 3 contains a legal conclusion to which no response is required.

4. Paragraph 4 contains a legal conclusion to which no response is required.

5. Defendant admits the allegations in the first sentence of paragraph 5. Defendant admits that Plaintiff began her employment with Defendant in March 1990, as alleged in the second sentence of paragraph 5, but denies the remaining allegations in the second sentence of paragraph 5. Defendant admits that Plaintiff worked for Defendant for 18 years, but denies the remaining allegations in the third sentence of paragraph 3.

6. Defendant admits the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in the first sentence of paragraph 9. Defendant admits that Alanna White was hired in 2005, and that she was Plaintiff's supervisor, but it denies the remaining allegations in the second sentence of paragraph 9.

10. Defendant denies the allegations in the first sentence of paragraph 10. Defendant admits that Alanna White justifiably and lawfully criticized Plaintiff's work for poor performance, but denies the remaining allegations in second sentence of paragraph 10

11. Defendant admits that Plaintiff filed a Charge of Discrimination in or around March 2006 but it denies the remaining allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant repeats and incorporates by reference herein its responses to paragraphs 1 through 12 of the Complaint.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

Defendant further denies each and every allegation of the Complaint not specifically admitted herein to be true, and denies further that Plaintiff is entitled to any of the relief requested.

## **AFFIRMATIVE DEFENSES**

As and for its Affirmative Defenses, Defendant states as follows:

1. The Complaint fails to state any claims upon which relief can be granted.

2. Plaintiff failed to allege a prima facie case of retaliation.

3. Defendant had legitimate, lawful, non-retaliatory and nondiscriminatory reasons for all of its actions with respect to Plaintiff.

4. Plaintiff failed to perform her job in a satisfactory manner.

5. Plaintiff was employed on an at-will basis.

6. Plaintiff failed to mitigate any alleged damages.

7. Plaintiff's claims are barred by waiver.

8. Plaintiff's claims are barred by estoppel.

9. Plaintiff's claims are barred by election of remedies.

WHEREFORE, having answered fully, Defendant respectfully requests that the Complaint be dismissed in its entirety with prejudice, and that Defendant be awarded its reasonable attorneys' fees and costs and such further relief as the Court may deem proper.

                                                   Respectfully submitted,

Dated: August 27, 2009

                                             ___/s/ Michael L. Stevens_____
Michael L. Stevens, Esq., (D.C. Bar No. 384887)
Arent Fox LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
(202) 857-6000

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27th, 2009, a true and correct copy of the foregoing Answer was served via the Court's electronic filing system and U.S. first-class mail upon the following:

>Adra O' Neal, Esq.
>The O'Neal Firm, LLP.
>700 12th Street, NW, Suite 700
>Washington, DC  20005-4052

>_____/s/ Michael L. Stevens_
>Michael L. Stevens